IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BROCK J. MCNEIL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-472 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Brock J. McNeil, a prisoner currently confined a the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 252nd Judicial District Court of Jefferson County, Texas. Following a jury trial, Petitioner was found guilty of the first degree felony offense of aggravated robbery. On May 23, 2016, Petitioner was sentenced to life imprisonment. The judgment was affirmed on appeal. The Texas Court of Criminal Appeals refused Petitioner's Petition for Discretionary Review on March 20, 2019. Petitioner did not file a petition for writ of certiorari.

Petitioner filed a State Application for 11.07 Writ of Habeas Corpus on April 24, 2020.[1] On March 2, 2022, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing and on the court's independent review of the record.[2]

### The Petition

Petitioner filed this Petition for Writ of Habeas Corpus on October 23, 2022. Petitioner alleges his attorney provided ineffective assistance of counsel by failing to move to suppress identification testimony and fingerprint analysis. Petitioner claims the state habeas proceedings were inadequate, and that the court applied the incorrect legal standard to his claims of ineffective assistance of counsel.

### Analysis

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). There is a one year statute of limitations on federal petitions for writ of habeas corpus brought by state prisoners. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of: (1) the

---

[1] A prisoner's federal habeas petition is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). In 2010, the Texas Court of Criminal Appeals held that pleadings filed in state court by *pro se* inmates are also deemed filed when they are delivered to prison officials for mailing. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Because Petitioner represented himself during the state habeas proceedings, his 11.07 Application is considered filed when he placed it in the prison mail.

[2] Petitioner attempted to file a Petition for Discretionary Review from the denial of his state habeas application. On May 3, 2022, the Petition for Discretionary Review was returned to him because "a petition for discretionary review may not be filed from such a decision." (Doc. #1 at 28.)

date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The amendment also provides that the statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

Here, there was no impediment to filing caused by unconstitutional state action, and Petitioner does not rely on a newly-recognized constitutional right or newly-discovered evidence. Therefore, the limitations period began to run on the date on which the judgment became final. Because Petitioner did not file a petition for writ of certiorari, the judgment became final on June 18, 2019, and the limitations period began to run the next day. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that state conviction becomes final upon denial of certiorari by the United States Supreme Court or expiration of the time period for seeking certiorari). Petitioner tolled the federal statute of limitations by filing his 11.07 Application on April 24, 2020. When the Application was denied on March 2, 2022, Petitioner had fifty-five days left in which to file a federal petition for habeas relief. This Petition, filed on October 23, 2022, was filed nearly six months after the statute of limitations expired on April 26, 2022. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (affirming dismissal of habeas petition filed 18 days after the statute of limitations expired); *Ott*, 192 F.3d at 514 (affirming dismissal of federal petition filed 4 days past the limitations period); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (affirming dismissal of habeas petition filed 17 days after the statute of limitations expired).

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Excusable neglect and ignorance of the law do not justify equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Delays of the petitioner's own making are not "extraordinary circumstances." *Id*.

Petitioner contends that the statute of limitations should be equitably tolled because he was deprived of his legal documents for approximately three months while he was confined in the Special Housing Unit and then transferred from the Wainwright Unit to the Coffield Unit. Assuming that Petitioner was entitled to three months of equitable tolling, three months is not sufficient to bring this Petition within the statute of limitations. Petitioner also contends that equitable tolling is warranted due to the restrictive movement and lockdowns through the COVID-10 pandemic." (Doc. #9 at 2.) However, Petitioner has not alleged any specific facts demonstrating that the pandemic-related restrictions prevented him from filing a timely petition. Because Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition, he is not entitled to equitable tolling of the statute of limitations.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**SIGNED this the 19th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE