IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BROCK J. MCNEIL | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-472 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Brock J. McNeil, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding through counsel, brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the Petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that Petitioner's objections lack merit.

Petitioner contends equitable tolling of the limitations period is warranted because he did not have access to his legal work from August of 2021, through mid-February of 2022. Equitable tolling is available only if the petitioner diligently pursued his rights and extraordinary circumstances

prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). During the time that Petitioner was denied access to his legal materials, his state application for habeas relief was pending. Petitioner states that his legal materials were returned to him in February of 2022, so he had access to them when his state application was denied on March 2, 2022. At that time Petitioner had fifty-five days in which to file a timely federal petition, but he waited until October 23, 2022, to file this Petition. Petitioner has not demonstrated that he diligently pursued his claims, and he failed to show exceptional circumstances warranting equitable tolling. Therefore, this Petition should be dismissed as barred by the statute of limitations.

In addition, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, Petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484;

*Elizalde*, 362 F.3d at 328.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## ORDER

Accordingly, Petitioner's objections [Dkt. 11] are OVERRULED.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge [Dkt. 10] is ADOPTED.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.  A certificate of appealability will not be issued.

**SIGNED this 2nd day of June, 2023.**

Michael J. Truncale
United States District Judge